# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSE LEE STEWART | : | CIVIL NO. 3:10-CV-799 |
| | : | |
| Petitioner, | : | (Judge Vanaskie) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| JEFFREY SMITH, et al., | : | |
| | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case

This case presents a petition for writ of habeas corpus filed by Jesse Stewart, a state inmate. (Doc. 1.) While the precise tenor of Stewart's claim in this petition is not entirely clear, it appears that between 2007 and 2009 Stewart was a defendant in multiple criminal proceedings conducted in Bradford County, Pennsylvania. These criminal proceedings included prosecutions for drug possession and theft, as well as three separate parole revocation proceedings.

As a result of these proceedings, Stewart has now been remanded to state custody, but was ordered to receive credit against his state sentences for more than 580 days of time-served. Stewart's current *pro se* habeas petition challenges the fairness of these proceedings, and attacks this state calculation of credit for time served. (Doc.1.)

Although the precise nature of Stewart's constitutional claims in the habeas petition is not entirely clear, one thing is clear: Stewart has failed to litigate these claims in state court. In this regard, Stewart's pleadings, and the Commonwealth's response, reveal that Stewart was sentenced on October 21, 2009, to ten months to twenty-three months and twenty-nine days in prison. (Doc. 12.)

Stewart filed an appeal with the Pennsylvania Superior Court on October 20, 2009. (Id.) The following day, October 21, 2009 the Court of Common Pleas directed Stewart to file a Concise Statement of Matters Complained of on Appeal as required by Pa.R.A.P. §1925(b).(Id.)

Even as this appeal was pending the state court addressed one of Stewart's concerns, credit for time served. Thus, on December 9, 2009, Stewart was granted credit for 583 days of time served. While granting Stewart this credit, the Pennsylvania courts continued to insist that he adhere to state procedural rules in his pending state appeal. Thus, the sentencing court again directed Stewart to file this statement on February 12, 2010.(Id.) No statement was filed until April 12, 2010, and Stewart's appeal was then dismissed on April 19, 2010 as untimely.(Id.)

While Stewart was defaulting on his basic obligations in state court with respect to this appeal, he was also attempting to invoke the power of the federal courts to secure his release by separately filing a petition for writ of habeas corpus on April 15,

2010. (Id.) The respondents have now responded to this petition (Doc. 12), noting that Stewart has completely failed to exhaust his state remedies and has defaulted on procedural requirements mandated by state law. Since exhaustion of these remedies is a prerequisite to seeking federal habeas corpus relief, the respondents contend that this failure compels dismissal of Stewart's petition. These claims have been fully briefed by the parties and are now ripe for resolution. For the reasons set forth below, it is recommended that the petition be dismissed, without prejudice, since Stewart's complaints have not been exhausted in state court, as required by law.

## II. Discussion

### A. State Prisoner Habeas Relief–The Legal Standard.

A state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides in part as follows

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> **(A)** the applicant has exhausted the remedies available in the courts of the State;

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
> **(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b).

### (1.) Substantive Standards For Habeas Petitions

As this statutory text implies, state prisoners must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief. At the outset, a petition must satisfy exacting substantive standards to warrant relief. Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure. See, e.g., Reed v. Farley, 512 U.S. 339, 354 (1994). Thus, claimed violations of state law, standing alone, will not entitle a petitioner to § 2254 relief, absent a showing that those violations are so great as to be of a constitutional dimension. See Priester v. Vaughan, 382 F.3d 394, 401-02 (3d Cir. 2004).

## (2). Procedural Thresholds for Section 2254 Petitions.

### (a). Exhaustion of State Remedies and Procedural Default.

Furthermore, state prisoners seeking relief under Section 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that the petitioner " has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b). Section 2254's exhaustion requirement calls for total exhaustion of all available state remedies. Thus, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In instances where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. See Whitney v. Horn, 280 F.3d. 240, 250 (3d Cir. 2002).

This statutory exhaustion requirement is rooted in principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). As the Supreme Court has aptly observed: "a rigorously enforced total exhaustion rule" is necessary in our dual system

of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation. Rose v. Lundy, 455 U.S. 509, 518 (1982). Requiring exhaustion of claims in state court also promotes the important goal of ensuring that a complete factual record is created to aid the federal courts in their review of a § 2254 petition. Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995). A petitioner seeking to invoke the writ of habeas corpus, therefore, bears the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, and the claims brought in federal court must be the "substantial equivalent" of those presented to the state courts. Evans v. Court of Common Pleas, 959 F.2d 1227, 1231 (3d Cir. 1992); Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982). A petitioner cannot avoid this responsibility merely by suggesting that he is unlikely to succeed in seeking state relief, since it is well-settled that a claim of "likely futility on the merits does not excuse failure to exhaust a claim in state court." Parker v. Kelchner, 429 F.3d 58, 63 (3d Cir. 2005).

While this exhaustion requirement compels petitioners to have previously given the state courts, a fair "opportunity to apply controlling legal principles to the facts bearing upon [the petitioner's] constitutional claim," Picard v. Connor, 404 U.S. 270, 276 (1971), this requirement is to be applied in a commonsense fashion. Thus, the exhaustion requirement is met when a petitioner submits the gist of his federal

complaint to the state courts for consideration, without the necessity that the petitioner engage in some "talismanic" recitation of specific constitutional claims. Evans, 959 F.2d at 1230-33. Similarly, a petitioner meets his obligations by fairly presenting a claim to the state courts, even if the state courts decline to specifically address that claim. See Dye v. Hofbauer, 546 U.S. 1(2005) (per curiam); Johnson v. Pinchak, 392 F.3d 551, 556 (3d Cir. 2004).

A necessary corollary of this exhaustion requirement is the procedural default doctrine which applies in habeas corpus cases. Certain habeas claims, while not exhausted in state court, may also be incapable of exhaustion in the state legal system by the time a petitioner files a federal habeas petition because state procedural rules bar further review of the claim. In such instances:

> In order for a claim to be exhausted, it must be "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). If a claim has not been fairly presented to the state courts and it is still possible for the claim to be raised in the state courts, the claim is unexhausted. . . .
>
> If a claim has not been fairly presented to the state courts but state law clearly forecloses review, exhaustion is excused, but the doctrine of procedural default may come into play. A procedural default occurs when a prisoner's federal claim is barred from consideration in the state courts by an "independent and adequate" state procedural rule. Federal courts may not consider the merits of a procedurally defaulted claim unless the applicant establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of the federal law or unless the applicant demonstrates that failure to consider the claim will result in a

fundamental "miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002)(citations omitted).

"[A] federal court will ordinarily not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus '[o]ut of respect for finality, comity, and the orderly administration of justice.' This is a reflection of the rule that 'federal courts will not disturb state court judgments based on adequate and independent state law procedural grounds'." Hubbard v. Pinchak ,378 F.3d 333, 338 (3d Cir. 2004)(citations omitted). Given these concerns of comity, the exceptions to the procedural default rule, while well-recognized, are narrowly defined. Thus, for purposes of excusing a procedural default of a state prisoner seeking federal habeas relief, "[t]he Supreme Court has delineated what constitutes 'cause' for the procedural default: the petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" Werts v. Vaughn, 228 F.3d 178, 192-193 (3d Cir. 2000)(citations omitted). Similarly, when examining the second component of this "cause and prejudice" exception to the procedural default rule, it is clear that:

> With regard to the prejudice requirement, the habeas petitioner must prove " 'not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.' " This standard essentially requires the petitioner to show he was denied

"fundamental fairness" at trial. In the context of an ineffective assistance claim, we have stated that prejudice occurs where "there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different."

Id. at 193 (citations omitted).

Similarly, the "miscarriage of justice" exception to this procedural bar rule is also narrowly tailored, and requires a credible assertion of actual innocence to justify a petitioner's failure to comply with state procedural rules. Hubbard v. Pinchak, 378 F.3d 333, 338 (3d Cir. 2004).

Procedural bar claims typically arise in one of two factual contexts. First, in many instances, the procedural bar doctrine is asserted because of an express state court ruling in prior litigation denying consideration of a habeas petitioner's state claims on some state procedural ground. In such a situation, courts have held that:

> A habeas claim has been procedurally defaulted when "a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." Coleman v. Thompson, 501 U.S. 722, 730, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). For a federal habeas claim to be barred by procedural default, however, the state rule must have been announced prior to its application in the petitioner's case and must have been "firmly established and regularly followed." Ford v. Georgia, 498 U.S. 411, 423-24, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991). Whether the rule was firmly established and regularly followed is determined as of the date the default occurred, not the date the state court relied on it, Doctor v. Walters, 96 F.3d 675, 684 (3d Cir.1996), because a petitioner is entitled to notice of how to present a claim in state court, Ford, 498 U.S. at 423-424, 111 S.Ct. 850.

Taylor v. Horn, 504 F.3d 416, 427-428 (3d Cir. 2007).

In other instances, the procedural bar arises, not because of an express state court ruling, but as a consequence of a tactical choice by a habeas petitioner, who elects to waive or forego a claim in the course of his state proceedings, and thus fails to fully exhaust the claim within the time limits prescribed by state statute or procedural rules. In such instances the petitioner's tactical choices in state court litigation also yield procedural defaults and waivers of claims federally. See, e.g., Johnson v. Pinchak, 392 F.3d 551(3d Cir. 2004)(procedural default when petitioner failed to timely pursue state claim); Hull v. Freeman, 991 F.2d 86 (3d. Cir. 1993)(same). Accordingly, a petitioner's strategic choices in state court waiving or abandoning state claims may act as a procedural bar to federal consideration of his claims, unless the petitioner can show either "cause and prejudice" or demonstrate a "fundamental miscarriage of justice". Id.

**B. Stewart Has Not Exhausted His State Remedies. Therefore, His Petition Should be Dismissed.**

In this case, Stewart has undeniably failed to exhaust his available state remedies with respect to the calculation of this state sentence and the other matters raised in this federal habeas petition. Indeed, Stewart appears to have completely failed to prosecute an appeal of this sentence by failing to comply with state

procedural rules. Moreover, he has not challenged this sentence credit through a post-conviction relief act petition in state court.

Stewart's procedural defaults do not appear to have been inadvertent or accidental. Quite the contrary, the documents submitted by Stewart in support of his petition reflect that he was on notice regarding these state procedures, but thus far has failed to take advantage of the procedures prescribed by state law for challenging this state sentence. Since Stewart must comply with, and exhaust, these state procedures before he can proceed in federal court, it is therefore recommended that Stewart's petition be dismissed without prejudice to renewing these claims, when and if the petitioner is able to successfully comply with this exhaustion requirement mandated by law.[1]

---

[1] For his part, Stewart attempts to avoid this result by filing a traverse (Doc. 17) in which he seeks to explain, excuse and justify these procedural defaults. We appreciate this effort, but these claims must first be presented to the state courts, and considered by those courts, in a conscientious effort by the petitioner to exhaust his state remedies. Likewise, the respondents urge the Court to go beyond this recommendation and dismiss this petition with prejudice, finding that Stewart is completely barred procedurally from pursuing these claims by his state procedural defaults. We decline to recommend this course to the district court. While it may be that Stewart's procedural defaults in state court now preclude exhaustion, and bar further consideration of this petition, it is recommended that the Court not ultimately reach this issue. Rather, Stewart's petition should simply be dismissed with instructions that he endeavor to exhaust his state remedies. Once that process has been completed, if Stewart renews his petition the Court will be in a position to make a more fully informed assessment regarding whether these claims are procedurally defaulted.

### III. **Recommendation**

Accordingly, for the foregoing reasons, upon consideration of this Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and the Response in Opposition to this Petition, IT IS RECOMMENDED that the Petition be DISMISSED, without prejudice, and that a certificate of appealability should not issue. The Petitioner is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 25th day of May, 2010.

                                           *S/Martin C. Carlson*
                                           **United States Magistrate Judge**