# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE LEE STEWART, | CIVIL ACTION NO. 3:10-CV-799 |
| Petitioner, | |
| v. | (JUDGE CAPUTO) |
| | (MAGISTRATE JUDGE CARLSON) |
| JEFFREY SMITH, et al., | |
| Respondents. | |

## MEMORANDUM

Presently before the Court is Magistrate Judge Carlson's Report and Recommendation ("R&R") recommending that Petitioner Jesse Lee Stewart's Petition for Writ of Habeas Corpus be dismissed without prejudice. For the reasons discussed more fully below, this Court will adopt Magistrate Judge Carlson's Report and Recommendation.

## BACKGROUND

On April 15, 2010, the instant Petition for Writ of Habeas Corpus was filed regarding Stewart's underlying state court conviction. (Doc. 1.) On May 25, 2010, Magistrate Judge Carlson recommended that the habeas petition be dismissed without prejudice for failure to exhaust state remedies. (Doc. 18.) From the exhibits submitted by both parties in response to the R & R, it seems that there are still pending appeals and/or other post-conviction activity in the Pennsylvania state courts regarding Petitioner's underlying criminal conviction. On June 10, 2010, the Court of Common Pleas for Bradford County issued an order appointing counsel for defendant and allowing him thirty (30) days to file an amended Post Conviction Relief Act petition in state court. (Doc. 23.) Furthermore, on June 24, 2010, Petitioner filed a Motion to Modify Sentence in the Court of Common Pleas for Bradford

County, requesting a hearing on July 19, 2010. (Doc. 26.)

On June 10, 2010, Petitioner filed his objections to the R & R. (Doc. 20.) A brief in opposition to the objections was filed by Respondents on June 23, 2010. Petitioner filed his response on July 6, 2010. Thus, this matter has been fully briefed and is currently ripe for disposition.

## **LEGAL STANDARD**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## **DISCUSSION**

In order for a petitioner who is in state custody to be granted a writ of habeas corpus,

he must first exhaust "the remedies available in the court of the State." 28 U.S.C. § 2254(b)(1)(A). The Supreme Court explained the underpinnings of the exhaustion requirement in *Rose v. Lundy*, 455 U.S. 509, 518 (1982), explaining:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973). Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." *Ex parte Royall*, 117 U.S., at 251, 6 S.Ct., at 740. Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). See Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) ( per curiam ) (noting that the exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights").

The record in this case shows that there are still pending and ongoing appellate and/or post-conviction proceedings in the Pennsylvania state courts. As such, Mr. Stewart's habeas petition will be dismissed for failure to exhaust his state court remedies. However, this Court will adopt Magistrate Judge Carlson's recommendation that this petition be dismissed without reaching the issue of whether such failure to exhaust state court remedies would bar further consideration of this petition, and, therefore, will dismiss this petition without prejudice. If Mr. Stewart renews the arguments made in the instant petition after he has completed all available avenues in state court, this Court will then decide whether he has procedurally defaulted at the state level.

3

## **CONCLUSION**

As the Court has found that Petitioner has failed to exhaust available state court remedies, it will adopt Magistrate Judge Carlson's Report and Recommendation and dismiss this case without prejudice. An appropriate Order follows.


July 15, 2010 /s/ A. Richard Caputo
Date                                                             A. Richard Caputo
                                                                       United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE LEE STEWART, | CIVIL ACTION NO. 3:10-CV-799 |
| Petitioner, | |
| v. | (JUDGE CAPUTO) |
| | (MAGISTRATE JUDGE CARLSON) |
| JEFFREY SMITH, et al., | |
| Respondents. | |

**NOW**, this  15th  day of July, 2010, **IT IS HEREBY ORDERED** that:

(1) Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Doc. 20) are **OVERRULED**.

(2) Magistrate Judge Carlson's Report and Recommendation (Doc. 18) is **ADOPTED.**

(3) The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice**.

(4) The Clerk of the Court is to mark the matter in this Court **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge